UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X   Docket No.: 1:21-CV-807 (FJS/CFH)
IONA SCARVILLE,

                                                                          Plaintiff,         **COMPLAINT**

                  -against-

LIVING RESOURCES CORPORATION,              **PLAINTIFF DEMANDS**
                                                                             **A TRIAL BY JURY**

                                                                   Defendant.
------------------------------------------------------------------------------X

      Plaintiff, IONA SCARVILLE, by her attorney, JESSICA MASSIMI, hereby complains of the DEFENDANT, LIVING RESOURCES CORPORATION, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to the <u>Americans with Disabilities Act of 1990</u>, 42 U.S.C. § 12101, *et seq.* ("ADA"), and the <u>New York State Human Rights Law</u>, New York State Executive Law § 296, *et seq.* ("NYSHRL"); and seeks damages to redress the injuries Plaintiff has suffered as a result of being **terminated** and **discriminated against** on the basis of her **disability**.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 29 U.S.C. § 2617 and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. §§ 1367.

4. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. §§ 1391(b), as the acts complained of occurred in that district.

## PROCEDURAL PREREQUISITES

5. Plaintiff filed a charge of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC"), on February 16, 2021.

6. Plaintiff received a Notice of Right to Sue from the EEOC, dated April 23, 2021, with respect to the herein charges of discrimination.

7. This action is commenced within 90 days of receipt of said Right to Sue.

## PARTIES

8. At all times material, DEFENDANT LIVING RESOURCES CORPORATION ("LIVING RESOURCES") was and is a domestic business corporation duly existing pursuant to and by virtue of the laws of the State of New York, with its office located at 300 Washington Avenue Ext., Albany, NY 12203.

9. At all times material, Plaintiff worked for LIVING RESOURCES at their Schodack location as a full-time Direct Support Professional.

10. At all times material, Defendant LIVING RESOURCES had and has more than 15 employees.

11. At all times material, STEVEN KLEN ("KLEIN") was the C.E.O. of LIVING RESOURCES. KLEIN was Plaintiff's supervisor.

12. At all times material, JOVAN CARPINO ("CARPINO") was and is an employee of LIVING RESOURCES holding the position of Human Resources Generalist. CARPINO was Plaintiff's supervisor.

13. At all times material, STEPHANE BENOIT ("BENOIT") was and is an employee of LIVING RESOURCES holding the position of Schodack Residential Home Manager.

BENOIT was Plaintiff's supervisor.

14. At all times material, LORRAINE GARAFOLA ("GARAFOLA") was a Human Resources Generalist of LIVING RESOURCES. LORRAINE was Plaintiff's supervisor.

## MATERIAL FACTS

15. At all relevant times, Plaintiff, IONA SCARVILLE, was employed by Defendant Living Resources Corporation as a Direct Care Assistant.

16. On April 24, 2020, Plaintiff was medically required to take time off from work due to a medical condition.

17. Specifically, Plaintiff's doctor diagnosed her with systolic hear failure, chest pain, cardiac murmur, hypertension, and obesity.

18. Thus, Ms. Scarville suffered from a legally-protected disability.

19. On August 25, 2020, Defendant sent Ms. Scarville a letter terminating her employment as of April 24, 2020.

20. Defendant terminated Plaintiff's employment because of her disability.

21. While she was out of work due to her medical condition, Plaintiff remained in contact with the Defendant, informing them that she was seeing her doctor regularly and planned to return to work as soon as medically possible.

22. Specifically, during her absence starting in March of 2020, Plaintiff spoke to JOVAN CARPINO, STEPHANE BENOIT, and LORRAINE GARAFOLA. JOVAN, BENOIT, and GARAFOLA never told PLAINTIFF that she was required to submit a doctor's note stating when she was eligible to return to work. PLAINTIFF spoke most frequently with GARAFOLA who would simply tell Plaintiff to check in with her after each doctor's appointment and for Plaintiff to let her know when she was cleared to return to work.

Plaintiff.

23. Plaintiff complied with these directives.

24. On October 20, 2020, Plaintiff provided Defendant with a note from her doctor stating that she was able to return to work.

25. On October 22, 2020, Plaintiff provided the Defendant with another note from her doctor detailing the restrictions with which Plaintiff would have to comply while at work.

26. Specifically, Plaintiff's doctor provided a letter stating that Plaintiff could return to work but could not lift more than 50 pounds.

27. As required, Plaintiff provided this letter to Lorraine Garafola in Human Resources.

28. Garafola then notified Stephane Benoit, Plaintiff's manager. Benoit informed Garafola that Defendant had already filled Plaintiff's position.

29. Upon information and beleif, the Defendant apparently filled Plaintiff's position before terminating her and before even giving her a chance to comply with their requirement that she provide a letter from her doctor clearing her to return to work.

30. Further, there were several openings for Plaintiff's same position which the Defendant refused to give to Plaintiff.

31. Garafola then spoke to Steve Klein, the C.E.O. of Living Resources Corporation, who instructed Garafola to tell Plaintiff to provide a letter to Human Resources Generalist Gloria Bailey in the Human Resources Department.

32. Plaintiff complied with these requirements and provided the required letters to the proper individuals at Defendant, including Ms. Bailey

33. On or about October 22, 2020, Plaintiff provided the doctor's letter to Ms. Bailey and Plaintiff complained to Ms. Bailey that the Defendant was firing her because of her medical

condition.

34. Thus, Plaintiff complained to the Defendant that they were discriminating against her because of her disability.

35. Plaintiff further requested of Ms. Bailey that the Defendant provide Plaintiff with her old job back.

36. On or about October 22, 2020, Ms. Bailey told Plaintiff that she would get back to Plaintiff about giving Plaintiff her old job back, but Ms. Bailey in fact never called Plaintiff.

37. However, as noted above, there were open positions identical to Plaintiff's position which the Defendant refused to give Plaintiff, and Defendant had filled Plaintiff's position before allowing her the chance to return to work.

38. Defendant's stated reasons for terminating SCARVILLE were pre-textual and were nothing more than further discrimination and retaliation for SCARVILLE'S complaints of discrimination.

39. DEFENDANT'S termination of SCARVILLE constitutes discrimination on the basis of SCARVILLE'S disability.

40. DEFENDANT'S termination of SCARVILLE constitutes retaliation for SCARVILLE'S complaints of discrimination.

41. At the time of SCARVILLE'S termination, she was earning $12.50 per hour and was working 40 hours per week.

42. Accordingly, SCARVILLE'S approximate yearly salary was about $26,000.00.

43. At no point did DEFENDANT attempt to engage with SCARVILLE in any interactive process or to discuss in any way SCARVILLE'S return to work, or any possible accommodations regarding her disability.

44. Upon information and belief, SCARVILLE'S performance was above average during the course of her employment with DEFENDANT.

45. Upon information and belief, DEFENDANT terminated SCARVILLE'S employment solely because of SCARVILLE'S actual or perceived disability, and because of her complaints of discrimination.

46. Thus, in addition to discriminating against SCARVILLE, DEFENDANT also subjected SCARVILLE to illegal and ongoing retaliation involving all of the above-described conduct up to and including her termination.

47. PLAINTIFF felt offended, disturbed, and humiliated by the blatantly unlawful and discriminatory and retaliatory termination.

48. But for the fact that SCARVILLE'S disability, DEFENDANT would not have treated SCARVILLE differently and would not have terminated her employment.

49. SCARVILLE has been unlawfully discriminated and retaliated against, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

50. DEFENDANT'S actions and conduct were intentional and intended to harm SCARVILLE.

51. As a result of the acts and conduct complained of herein, SCARVILLE has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and SCARVILLE has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. SCARVILLE further experienced emotional and physical distress.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE AMERICANS WITH DISABILITIES ACT

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

53. Plaintiff claims Defendant violated the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (*ADA*), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

54. Title 42 of the Americans with Disabilities Act of 1990, Chapter 126, Subchapter I, Section 12112, Discrimination [Section 102] states: "(a) General rule. - No covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

55. Defendant engaged in an unlawful discriminatory practice by discriminating against Plaintiff because of her disability.

56. As such, Plaintiff has been damaged as set forth herein.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK STATE EXECUTIVE LAW

57. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

58. New York State Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . disability, predisposing genetic characteristics . . . to discriminate against such individual in compensation or in terms, conditions or privileges of

7

employment."

59. Defendant violated the section cited herein as set forth.

60. Plaintiff is entitled to the maximum amount allowed under this statute.

## JURY DEMAND

61. Plaintiff requests a jury trial on all issues to be tried.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. ("ADA"), and the New York State Human Rights Law, New York State Executive Law § 296, *et seq.*, in that Defendant discriminated against Plaintiff based on her disability/perceived disability;

B. Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination, retaliation, and conduct and to otherwise make her whole for any losses suffered because of such unlawful employment practices and conduct;

C. Awarding Plaintiff compensatory damages for mental, emotional, and physical injury, distress, pain and suffering and injury to her reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action; and

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy Defendant's unlawful employment practices.

Dated: Queens, New York
July 15, 2021

JESSICA MASSIMI, ESQ.

By: /s
_____
99 Wall Street, Suite 1264
New York, NY 10005
jessica.massimi@gmail.com
646-241-9800

9